**Juan Pablo PACHECO–GARCIA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15–71674

United States Court of Appeals, Ninth Circuit.

Submitted August 16, 2016 *

Filed August 24, 2016

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA.

Andrea Gevas, OIL, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Juan Pablo Pacheco–Garcia, a native and citizen of Mexico, petitions for review of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and grant in part the petition for review.

The agency did not abuse its discretion in denying Pacheco–Garcia's request for a fourth continuance where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (factors considered in determining whether the denial of a continuance constitutes an abuse of discretion include the nature of the evidence excluded as a result of the denial). In addition, the agency's denial of a continuance to seek new counsel did not violate Pacheco–Garcia's right to counsel, where the IJ had deemed his application for relief abandoned. *See Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008) (an IJ may "determine, in the absence of a showing of good cause for an additional continuance, that the right to counsel has been forfeited"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

We reject Pacheco–Garcia's contentions that the BIA ignored certain arguments, failed to provide a reasoned explanation for its actions, and incorrectly applied the pertinent legal standard. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and ed by Ninth Circuit Rule 36–3.

not merely reacted." (citation and quotation marks omitted)); *Lata*, 204 F.3d at 1246 (requiring error and substantial prejudice to prevail on a due process claim).

Because the BIA did not address Pacheco–Garcia's contentions regarding voluntary departure, we remand for the BIA to consider these contentions in the first instance. *See Montes–Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**